**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA,**

**vs.**                                          **CASE NO.  4:06cr15-RH**

**CAROLYN MARIN-COLEMAN,**

   **Defendant.**

                                        **/**


## ORDER OF DETENTION PENDING TRIAL

The United States has moved pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), that the above named Defendant be detained before trial.  After a hearing, the following findings are made:

1.  This is a close case.  The sole issue is whether the Government has shown that there is a serious risk of flight if Defendant is released.

2.  Defendant is a citizen of the United Kingdom and holds that passport.  She came to this country in 1988.  She obtained two masters degrees from FAMU.  It is uncertain whether she entered the country illegally.  In January, 2006, she applied to immigration to adjust her status.  In that process, she candidly admitted that she was given a false birth certificate in Belize, stating that she was born in the United States,

and she used the false birth certificate to obtain a social security number, to work, to register to vote, and to vote in 10 elections, falsely representing that she was a United States citizen.  She was notified by the immigration adjudicator that she had no legal status to adjust, and that because of the matters she admitted, she was placed into a category of aliens who may not obtain a status to lawfully enter or remain in the country. On March 31, 2006, she left the United States and went to Belize.  On April 11, 2006, this indictment was returned.

3.  There is no evidence that Defendant knew of the indictment when she left. Indeed, it is probable that she did not know of the indictment because she was in touch with an immigration attorney in Tallahassee, and had asked whether there was a way for her lawfully to visit this country to go to a seminar in New York City.  Her immigration attorney did not know of the indictment, and advised her how to declare her status when she returned on her British passport.  When she entered this country at the airport  a few weeks ago in Charlotte, North Carolina, she was arrested on this indictment.

4.  Defendant has been in Belize, living with her father, since she left in 2006, and she has a job there.  She also has a husband her and a 17 year old son who live here.

5.  Were Defendant to be released, she would be released to an immigration detainer.  She would have release hearing, and might be paroled pending this trial if the administrative judge determined that she would not flee.

6.  In summary, Defendant has falsely claimed to be a United States citizen so that she could stay here and work, she has falsely registered to vote and has voted. However, she was candid about these offenses with immigration authorities in 2006 and

she made an effort then to clear up her immigration status.  A few months after that failed, she left and went to Belize.  Defendant's prospects of becoming a lawful resident here are especially unlikely now, given this indictment and the probable conviction that will ensue.  Defendant has established job ties in Belize and it would appear that since 2006, it has been her intent to remain there.  Considered together, there is a substantial risk of flight.

7.  This substantial risk of flight cannot be reasonably diminished by setting conditions of release.  Thus, there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant as required.

Accordingly, it is **ORDERED** that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** on December 10, 2008.

**s/   William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:06cr15-RH