IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

Case Number: *4:06cr15-RH*

vs.

CAROLYN MARIN-COLEMAN

_____ /

### PLEA AGREEMENT
### PARTIES TO AGREEMENT

This agreement is entered into by and between **CAROLYN MARIN-COLEMAN** (hereinafter "Defendant"), William R. Clark, Jr., attorney for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

### TERMS

The parties agree to the following terms:

1.   Defendant will plead guilty to Counts One, Two, and Three. Upon conviction of Count One, defendant faces a statutory maximum of one year imprisonment, $100,000 fine, one year supervised release, and a special monetary assessment of $100. Upon conviction of Count Two, defendant faces a statutory maximum of five years imprisonment, $250,000 fine, three years supervised release, and a special monetary assessment of $100. Upon conviction of Count Three, defendant faces a statutory maximum of three years imprisonment, $250,000 fine, three years supervised release, and a special monetary assessment of $100. Defendant agrees to pay the special monetary assessments on or before the date of sentencing. Defendant also consents and agrees to make restitution in an amount determined by the court

FILED IN OPEN COURT ON

1/15/09

United States District Court
Northern District of Florida

2. Defendant is pleading guilty because Defendant is in fact guilty of Counts One, Two, and Three.  In  pleading guilty to said Counts, defendant acknowledges that were this case to go to trial, the government could present evidence to support the charges  beyond a reasonable doubt.

3. Upon the District Court's adjudication of guilt of Defendant for violations of Title 18, United States Code, Sections 611, 1015(f), and 911,  the United States Attorney, Northern District of Florida,  will move to dismiss Count Four and will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled.

4. Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

5. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant.  The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

6. The United States Attorney agrees not to recommend a specific sentence.  However, the United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by Defendant, including correcting any misstatements by Defendant or Defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18 United States Code, § 3553(a).

7. Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea.

8. Defendant understands that conviction on this charge may adversely affect Defendant's immigration status and may lead to Defendant's deportation.

9. The parties reserve the right to appeal any sentences imposed.

10. In every case in the Tallahassee Division of the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

THOMAS F. KIRWIN
Acting United States Attorney

William R. Clark, Jr.
Attorney for Defendant

Winifred L. Acosta NeSmith
Florida Bar No. 0076333
Assistant U.S. Attorney
Northern District of Florida
111 N. Adams Street, 4th floor
Tallahassee, FL 32301

1-15-2009
Date

Carolyn Marin-Coleman
1.15.09
Date

3